RAPHAEL v. WASATCH & J. V. R. CO. et al.

No. 1925. Decided May 27, 1908 (95 Pac. 1008).

APPEAL AND ERROR—RECORD—NECESSITY OF BILL OF EXCEPTIONS.— Where a judgment finding one guilty of contempt was based upon both oral and documentary evidence, but there is no bill of exceptions making such evidence a part of the record, there is nothing before the Supreme Court for review, except the findings, order, and judgment of the court in the contempt proceedings; and these, being regular, will be presumed to be supported by the evidence upon which they were based.

APPEAL from District Court, Third District; C. W. Morse, Judge.

Action by Russell Sage Raphael against the Wasatch & Jordan Valley Railroad Company and the Union Trust Company of the City of New York, individually and as trustees, and others. From a judgment finding Joseph Martin, plaintiff's attorney in the action, guilty of contempt, said attorney appeals.

AFFIRMED.

*Joseph Martin* in pro. per.

*Van Cott, Allison & Riter* for respondents.

FRICK, J.

On September 23, 1.907, Hon. C. W. Morse, one of the district judges of Salt Lake county, duly made and caused to be entered an order appointing one Chester Martin receiver in the above-entitled action, with power, among other things, to sell certain property. Thereafter, and on the same day, the judge aforesaid by a supplemental order vacated and set aside the order of appointment made as aforesaid. Thereafter Joseph Martin, Esq., the attorney for the plaintiff in the above-entitled cause, in disregard of the supplemental order vacating the original order appointing the receiver, proceeded to execute the original order by advertising the property authorized to be sold under the original order for sale, and by otherwise exercising the authority conferred upon the receiver by such original order, all of which was seemingly done on behalf of the receiver. Such interference being made to appear, the said C. W. Morse, as judge of the district court, and from whom the original order and also the supplemental order of vacation emanated, cited the said Joseph Martin to appear before said district court and show cause, if any he had, why he should not be punished as for contempt of court. A hearing was had, at which quite a number of witnesses were sworn and testified, and documentary evidence was also introduced in support of the alleged contempt, and also in favor of Mr. Martin's contentions. The court, in passing upon all the evidence, found that the acts of Mr. Martin were without justification, and adjudged him guilty of contempt. The judge, however, imposed no other penalty upon Mr. Martin, except that he pay the costs of the contempt proceedings, and he was restrained from taking any further action under the original order. Mr. Martin now presents what he calls a record of the contempt proceedings for review on appeal.

From the foregoing it appears that the district court based its order and judgment in the contempt proceedings upon both oral and documentary evidence. No bill of exceptions making this evidence a part of the record was ever

settled or allowed.    Therefore there is nothing before this court for review, except the findings, order, and judgment of the court in the contempt proceedings.    All these are regular, and are presumed to be supported by the evidence upon which they are based.    Under the finding of the court appellant was clearly in contempt, and the judgment of the court to that effect was therefore the only one that could be rendered.

There being no error made apparent from the record, the judgment of this court is likewise inevitable, which is that the order and judgment of the district court be, and the same hereby is, affirmed, at appellant's costs.

McCARTY, C. J., and STRAUP, J., concur.